SPRING CREEK HOLDING COMPANY, INC., Hillel Meyers, Seymour Svirsky, and Metairie Corporation, Appellees,

v.

Marvin KEITH, Appellant.

No. 05–1889.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) June 28, 2006.

Filed: Aug. 8, 2006.

Ben H. Harris, III, Miller, Hamilton, Snider & Odom, Mobile, AL, Thomas S. Doerr, Ramsey Berman, Morristown, NJ, for Appellees.

Richard D. Gaines, Richard D. Gaines & Associates, Newton, NJ, for Appellant.

Before: BARRY, VAN ANTWERPEN, and SILER *, Circuit Judges.

---

* Honorable Eugene E. Siler, Jr., Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). We review the district court's

**OPINION**

SILER, Circuit Judge.

In this appeal, we consider whether the district court abused its discretion in denying preliminary injunctive relief to Defendant–Appellant Marvin Keith. Having considered the parties' arguments, we will affirm the judgment of the district court.[1]

Because the parties are familiar with the facts of the case, it is unnecessary for us to recite them here. Keith asserts that he owns the controlling ownership interest in Metairie Corporation and Spring Creek Holding Company, companies that own a certain parcel of property in New Jersey. Plaintiffs Spring Creek Holding Company, Hillel Meyers, Seymour Svirsky and Metairie Corporation assert that Meyers and Svirsky are the controlling owners.

The district court did not abuse its discretion, commit an obvious error of law, or make a serious mistake in considering the proof in finding that (1) monetary damages would provide Keith adequate relief should his underlying claims be successful; and (2) the sale of Metairie's assets was not imminent. *See Acierno,* 40 F.3d at 653. In addition, Keith failed to demonstrate that he is likely to succeed on the merits of his underlying claims, *Am. Tel. & Tel. Co. v. Winback and Conserve Program, Inc.,* 42 F.3d 1421, 1427 (3d Cir.1994), as is necessary to support the issuance of a preliminary injunction, and we accordingly discern no impropriety with the district court's denial of the injunction.

---

denial of the preliminary injunction for an abuse of discretion and the factual findings underlying the district court's decision for clear error. *Acierno v. New Castle County,* 40 F.3d 645, 652–53 (3d Cir.1994).